

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLYN CALENDER, THEODOSHIA KNAULS, MICHAEL MARION, RONNIE MITCHELL, EVALEAN MOORE, BRIAN TODD, RALPH WILSON, WILLIE WILSON, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY and McDONNELL DOUGLAS CORPORATION, <br><br> Defendants. | No. 05 C 0411 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed a class action suit, alleging violation of 42 U.S.C. § 1981 and racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' Title VII Claims.

### BACKGROUND

In 1998, a class action suit was brought against Boeing Co., Boeing North America, Inc., and McDonnell Douglas Corp., in the Western District of Washington, *Williams, et al. v. Boeing Co.*, Case No. C98-761P (W.D. Wash.) (*Williams*). Each Plaintiff in the instant case was also a named plaintiff in *Williams*. In November 1998, an amended complaint was filed in *Williams*. That same month, defendants in that case filed an answer to the amended complaint, including the affirmative defense that the plaintiffs failed to exhaust the required administrative remedies and other conditions precedent to filing suit under Title VII.

In 1999, the *Williams* court certified a settlement class and approved a consent decree. Subsequently, the Ninth Circuit Court of Appeals reversed the district court's approval of the consent decree, finding that the district court should not have approved the settlement agreement under Federal Rule of Civil Procedure 23(e) because of several considerations in the award of attorneys' fees and because of the structure of the damages payments established by the consent decree.

On remand, the *Williams* court certified a nationwide class of salaried and hourly workers at Heritage Boeing sites and declined to certify a class for non-Heritage Boeing sites. Thereafter, Plaintiffs filed the instant class action in this Court with respect to non-Heritage Boeing sites.[1]

Defendants argue that Plaintiffs' Title VII claims should be dismissed because the Plaintiffs failed to plead that they filed a charge with the Equal Employment Opportunity Commission and/or that they received a right-to-sue notice from the EEOC prior to filing suit. Plaintiffs do not dispute that they failed to plead this condition precedent to filing suit. Plaintiffs argue that Defendants waived this affirmative defense when it entered into a consent decree in the *Williams* case.

## ANALYSIS

Administrative filing requirements imposed under Title VII are conditions precedent to filing suit. However, the administrative filing requirements are subject to waiver, estoppel, and equitable estoppel. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (*Zipes*); *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991).

Plaintiffs argue that Defendants waived the administrative-filing-requirements affirmative defense by entering into a consent decree in *Williams* without prosecuting such defense in that case.

---

[1] "Heritage Boeing" refers to The Boeing Company before it acquired companies in the late 1990s and 2000.

2

Plaintiffs' argument is without merit, and the cases relied upon by Plaintiffs are readily distinguishable. Plaintiffs primarily rely upon *Zipes* in support of their argument. However, the *Zipes* defendants did not raise the exhaustion defense until *after* the settlement was reached in that case, *after* the Appellate Court had disapproved of the settlement, and *after* the case had been remanded to the district court. The *Williams* defendants pled the affirmative defense in their answer to the amended complaint and before any settlement and reversal by the appellate court. In *Volovsek v. Wisconsin Dep't of Agric, Trade & Consumer Protection*, 344 F.3d 680, 687 (7th Cir. 2003), the defendant addressed only the merits of the plaintiff's discrimination claim and did not argue the failure to exhaust administrative remedies. In *Liberles v. County of Cook*, 709 F.2d 1122, 1125-26 (7th Cir. 1983), the defendant did not deny that plaintiff filed charges with the EEOC in its answer, never raised the issue during the nine years the case was pending in the district court, and did not raise the issue during the summary judgment proceedings. Unlike the cases cited by Plaintiffs, the Defendants did raise the affirmative defense at the onset of both the *Williams* case and the instant case.

Furthermore, the case before this Court is a new, separate proceeding. The Defendants in this case are entitled to assert any and all available defenses against this new complaint and are not limited to defenses asserted in earlier complaints. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (plaintiff's waiver argument was frivolous because the defendant moved to dismiss the claim as soon as plaintiff amended her complaint adding the new claim); *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 2000) (because new complaint wipes away prior pleadings, an amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses).

3

Based on the above, Plaintiffs have not pled the condition precedent of filing a charge with the EEOC and the receipt of a right to sue; and Defendants have not waived the right to argue failure to exhaust the required administrative remedies.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Title VII Claims is granted. Plaintiffs' Title VII claims are dismissed without prejudice.

Dated: April 27, 2005

JOHN W. DARRAH
United States District Judge