UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAROLYN CALENDER, THEODOSHIA KNAULS, )
MICHAEL MARION, RONNIE MITCHELL, )
EVALEAN MOORE, BRIAN TODD, )
RALPH WILSON, WILLIE WILSON, individually, )
and on behalf of all others similarly situated, )
)
          Plaintiffs, )
)    No. 05 C 0411
       v. )
)    Judge John W. Darrah
THE BOEING COMPANY and McDONNELL )
DOUGLAS CORPORATION, )
)
          Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed a class action suit, alleging violation of 42 U.S.C. § 1981 and racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. In April 2005, Plaintiffs' Title VII claims were dismissed for failure to plead exhaustion requirements. Plaintiffs filed an amended class action suit, re-alleging a violation of 42 U.S.C. § 1981 and racial discrimination in violation of Title VII. Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' Class Claims.

### BACKGROUND

In 1998, a race discrimination class action suit was brought against Boeing Co., Boeing North America, Inc., and McDonnell Douglas Corp., in the Western District of Washington, *Williams, et al. v. Boeing Co.*, Case No. C98-761P (W.D. Wash.) (*Williams*). Each Plaintiff in the instant case was also a named plaintiff in *Williams*.

In June 2004, the *Williams* plaintiffs filed a Second Amended Complaint, alleging compensation claims for the first time. Subsequently, Boeing sought partial summary judgment to limit the claim to the four-year time period provided by 42 U.S.C. § 1981. On January 10, 2005, the *Williams* court granted Boeing's motion for partial summary judgment, barring plaintiffs' § 1981 compensation claims for acts or conduct prior to May 28, 2000 (after modification).

The *Williams* plaintiffs again moved for certification of a class that included all African-American hourly and salaried employees at both the Heritage[1] and non-Heritage Boeing sites. On January 21, 2005, the *Williams* court certified a nationwide class of salaried and hourly workers at Heritage Boeing sites only and declined to certify a class for non-Heritage Boeing sites. The *Williams* class was certified as to:

> African-American salaried employees employed by Heritage Boeing from June 6, 1994, to the present, excluding executives and SPEEA Techs, seeking injunctive relief for racial discrimination in compensation and promotion.

On January 24, 2005, Plaintiffs filed the instant class action in this Court. Plaintiffs propose two subclasses in the present suit. The first is defined as: "All African-Americans who are or were employed by MDC [McDonnell Douglas Corporation] or by Boeing at a site formerly operated by MDC." As to this subclass, for the compensation claim on behalf of salaried employees, the class period is from February 20, 1996 to present. For all other claims, the class period is from June 6, 1994 to present. The second subclass is defined as: "All African Americans who were employed by BNA [Boeing North American, Inc.] or by Rockwell International (limited to Rockwell International sites acquired by Boeing) or who are or were employed by Boeing at any site formerly

---

[1] "Heritage Boeing" refers to The Boeing Company before it acquired companies in the late 1990s and 2000.

2

operated by BNA." For the compensation claim on behalf of salaried employees, the class period is from February 20, 1996 to present. For all other claims, the class period is from June 6, 1994 to present.

## ANALYSIS

Defendants argue that Plaintiffs' Title VII class claims and their § 1981 class claims for conduct prior to January 24, 2001, (four years before filing the Complaint) should be dismissed because they are barred by the applicable four-year statute of limitations. Plaintiffs argue that the statute of limitations on the class claims were tolled by the pendency of the *Williams* class action.

In reviewing a motion to dismiss, the court reviews all allegations in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). At an early stage of litigation where the defendant seeks dismissal based on a statute of limitations defense, "the question is only whether there is *any* set of facts that if proven would establish a defense to the statute of limitations. *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003) (*Clark*); *see also Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (*Reiser*) ("because the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)").

The statute of limitations for actions under 42 U.S.C. § 1981 is four years. 42 U.S.C. § 1658(a). A Title VII civil action must be brought against the respondent named in the charge within ninety days after the date of the receipt of the right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Plaintiffs claim that the statute of limitations period is tolled by their filing of a complaint in the *Williams* case in the District Court of Washington. Plaintiffs do not dispute that

if the statute of limitations is not so tolled, the class claims for their Section 1981 claim is limited to the period after January 24, 2001 and that their Title VII claims are time-barred.

In *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) (*American Pipe*), the Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." In *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983) (*Crown*), the Court clarified the duration and effect of the tolling, holding "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until *class certification is denied*. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." (Emphasis added). The statute of limitations is not generally tolled to sequential class actions where the earlier denial of certification was based on a Federal Rule of Civil Procedure 23 defect in the class itself. *See Yang v. Odom*, 392 F.3d 97, 104 (3rd Cir. 2004) (*Yang*); *McKowan Lowe & Co. v. Jamine, Ltd.*, 295 F.3d 380, 386-87 (3rd Cir. 2002) (*McKowan*); *Korwek v. Hunt*, 827 F.2d 874, 876 (2nd Cir. 1987) (*Korwek*); *Andrews v. Orr*, 614 F. Supp. 689, 692 (S.D. Ohio 1985), *rev'd on other grounds*, 851 F.2d 146 (6th Cir. 1988); *Smith v. Flagship Int'l*, 609 F. Supp. 58 (N.D. Tex. 1985); *Burns v. Ersek*, 591 F. Supp. 837 (D. Minn. 1984). However, tolling has been applied to a subsequently filed class action if the initial class action was denied for reasons unrelated to the appropriateness of the substantive claims for certification, *i.e.*, deficiencies of the class representative. *See Yang*, 392 F.3d at 104; *McKowan*, 295 F.3d at 389. Under these situations, the subsequently filed class action is not attempting to resuscitate a class that

had previously been found to be inappropriate as a class action. *See McKowan*, 295 F.3d at 386; *see also Korwek*, 827 F.2d at 876 (leaving for another day deciding whether filing a potentially proper subclass would be entitled to tolling under *American Pipe*).

The *Williams* court denied class certification as to the non-Heritage Boeing African-American employees because "proving liability for the practices that occurred at these entities after they were acquired by Boeing would be unmanageable." The non-Heritage Boeing African-American class was unmanageable because the inclusion of such employees "would lead to litigation of an unmanageable number of corollary issues regarding when different policies were brought in line with Boeing's policies and what degree of oversight Boeing exercised during this transition period" and "factual issues unique to these employees regarding their salary compensation claims" because salaries of the class members who worked for the non-Heritage companies when Boeing acquired them were set by the previous entities before Boeing acquired them, which is directly relevant to the compensation claims. These issues presented manageability issues in discovery, dispositive motions, and at trial. The *Williams* court later "clarified" that it "denied certification to the non-Heritage Boeing employees based on (among other factors) the difficulties of trying the claims of that proposed class along with the claims of the Heritage Boeing employees." (Emphasis in original).

Plaintiffs contend that the statute of limitations is tolled because the *Williams* court did not rule on the propriety of certifying the proposed subclasses of non-Heritage employees because it did not definitely rule against the subclasses.

5

The *Williams* court ruled that class certification of the non-Heritage employees was not manageable as required by Rule 23(b)(3)(D). However, the *Williams* court's ruling was in regard to the difficulty of a class action proceeding that included both Heritage site workers (who were certified as a class) and non-Heritage site workers.

This Court has not reached the merits of the issue of certification of a non-Heritage subclass as presently pled. Accordingly, dismissal at this stage of the litigation based on the running (or tolling) of the statute of limitations would be premature. *See Reiser*, 380 F.3d at 1030; *Clark*, 318 F.3d at 767.

Defendants also argue that issue preclusion: (1) prevents the Plaintiffs from asserting a class claim in this Court and (2) bars Plaintiffs' § 1981 compensation claims for conduct prior to May 28, 2000.

The doctrine of collateral estoppel bars the relitigation of issues. An issue may not be relitigated if: (1) the issue to be precluded is the same issue that was involved in a prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom preclusion is invoked was represented in the prior action. *See Adair v. Sherman*, 230 F.3d 890, 894 (7th Cir. 2000).

Defendants seek to preclude Plaintiffs' proposed subclass of non-Heritage workers based on the *Williams* court's ruling regarding class certification of both Heritage and non-Heritage employees. While the *Williams* court did find that the non-Heritage employees, *as a group*, were not certifiable as a class in a proceeding with a class of Heritage employees, that court did not rule on the issue of the non-Heritage site workers' maintenance of a class action separate from the

Heritage workers class action.[2] Accordingly, the doctrine of collateral estoppel does not bar Plaintiffs from alleging these new proposed classes.

Defendants also seek to bar Plaintiffs' § 1981 compensation claims for conduct prior to May 28, 2000. The *Williams* court granted defendants partial summary judgment, barring plaintiffs' Section 1981 compensation claims for acts or conduct prior to May 28, 2000. This issue was involved in the *Williams* case, was actually litigated, the determination of the issue was essential to the final judgment, and the Plaintiffs were named plaintiffs in the *Williams* case whom were represented in that prior action. Accordingly, issue preclusion bars Plaintiffs' § 1981 compensation claims for conduct prior to May 28, 2000.

---

[2]Judge Pechman's Order of Plaintiff's Motion for Certification of Subclass of Non-Heritage Salaried Employees, dated June 9, 2005, stated, in pertinent part:
> The Court stated in its Order on Class Certification that its holding (denying class certification to the salaried non-Heritage Boeing employees in the lawsuit) "does not leave the non-Heritage Boeing African-American employees without alternatives." Order p. 18. This Court denied certification to the non-Heritage Boeing employees based on (among other factors) the difficulties of trying the claims of that proposed class along with the claims of the Heritage Boeing employees. To the extent that Plaintiffs seek clarification of the language concerning their "alternatives," the Court meant that, in response to the ruling, the non-Heritage employees could appeal, file their lawsuits individually or seek certification of a subclass or subclasses of non-Heritage Boeing African-American employees. (Emphasis in original).
>
> Without offering an opinion on the merits of Plaintiffs' Illinois lawsuit, the "alternative" envisioned by the Court was certainly encompassed in the action which the [non-Heritage] plaintiffs undertook – to seek class certification in a lawsuit where the parameters of the class might be pared down to a manageable scope.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Class Claims is denied. However, Plaintiffs' § 1981 compensation claims are limited to the period after May 28, 2000.

Dated: October 6, 2005

JOHN W. DARRAH
United States District Judge